# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLAUDIO GIULIANO, individually and on behalf of a nationwide class of similarly situated individuals, | |
|     Plaintiff, | **Case No. 1:19-cv-05437** |
|      v. | **COMPLAINT FOR DAMAGES** |
| MIDLAND CREDIT MANAGEMENT, INC. | **Jury trial demanded** |
|     Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff, CLAUDIO GIULIANO (collectively "Plaintiff"), by and through his attorney, James C. Vlahakis, brings this Class Action Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

### I. Introduction, Parties, Jurisdiction and Venue

1.    This is civil action pursuant the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.  Congress enacted the FDCPA to regulate "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e).

2.    Section 1692(e) of the FDCPA states that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

3.    Plaintiff is a resident of Elgin, Illinois.

4.    Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

1

5.      MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the collection of consumer debts owed to others.

6.      MCM sent a letter to Plaintiff a collection letter (hereafter the "Collection Letter") in an attempt to collect a consumer debt (the "Subject Debt").

7.      The Collection Letter identified the "Original Creditor" as "Synchrony Bank" in relation to a credit card issued in conjunction with "TJX" (doing business as T.J. Maxx".

8.      The Collection Letter states that MIDLAND FUNDING LLC ("Midland") is the "Current Owner" of the Subject Debt".

9.      Plaintiff incurred the debt allegedly owed to Synchrony Bank for personal, family and/or household purposes (hereafter the "Subject Debt").

10.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337 because this is a civil action for damages arising pursuant to the FDCPA.

11.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

12.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely collects consumer debts in this District and MCM sent the Collection Letter to Plaintiff in this District.

13.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any

judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

14.    Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II. Additional Background Allegations**

15.    Plaintiff incurred the Subject debt for personal purposes.

16.    Plaintiff is "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), because MCM sought to collect the Subject Debt from him.

17.    MCM's Collection Letter is a "communication" as defined by Section 1692a(2) of the FDCPA because the letter conveyed "information regarding a debt" directly to Plaintiff.

18.    Plaintiff is a "consumer" as defined by the FDCPA because MCM regarded him as a "person obligated or allegedly obligated to pay" the Subject Debt .

19.    MCM regarded the Subject Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

20.    Midland purchases defaulted debts from third parties where the defaulted debts are owed by individuals.

21.    Midland utilizes MCM as its debt collector to collect the defaulted debts that Midland has purchased from third parties.

22.    Midland utilizes MCM to service the defaulted debts that Midland has purchased from third parties.

23.     MCM routinely transmits letters to Ohio mailing addresses where the letters seek to collect debts where the letters identify MCM account numbers and identify Midland as the "Current Owner" of the subject debts.

24.     On a monthly basis, MCM transmits over 40 collection letters to persons with Illinois mailing addresses where the letters seek to collect debts where the letters identify MCM account numbers and identify Midland as the "Current Owner" of the subject debts.

### III.    Summary of the FDCPA and the Sections of the FDCPA That Apply to This Civil Action

25.     The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

26.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2)(a) prohibits: "The false representation of — the character, amount, or legal status of any debt." Section 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

27.     Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" and Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

28.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

## IV.   Allegations Related to the Subject Collection Letter

29.   The entire front page of the Collection Letter is depicted below:



**A. How the Collection Letter Was Formatted by MCM to Emphasize and Deemphasize Certain Language**

30.     The Collection Letter measures 14 inches tall by 8 and ½ inches across.

31.     The upper right corner of the Collection Letter identifies the "Original Creditor" as Synchrony Bank, an "Original Account number" and a "MCM Account Number."

32.     The upper right corner of the Collection Letter lists a "Current Balance" of $2,212.15 and below the "Current Balance", the letter identifies the "Current Owner" as "Midland Funding LLC."

33.     The words "Original Creditor", "Original Account Number", "MCM Account Number", "Current Balance" and "Current Owner" are written in white font over a green border.

34.     As depicted in the image shown in Paragraph 29, directly below the words "Current Balance" and "Current Owner" is the phrase "You are pre-approved for a 40% discount!" followed by  "Call (800) 321-3809" in blue font.

35.     As depicted in the image shown in Paragraph 29, below Plaintiff's address, the Collection letter contains the phrase "Choose The Option That Works For You" in white font, over a green background.

36.     The font of the phrase "Choose The Option That Works For You" was purposefully formatted by MCM to be larger than the font utilized in the upper right corner of the Collection Letter and in the body of the collection letter.

**B. Description of the Collection Letter's "pre-approved" "discount program"**

37.     As depicted in the image shown in Paragraph 29, the subject line, salutation, and body of the Collection Letter states as follows:

Re: Synchrony Bank          TJX

Dear Jennifer,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at MCMPay.com

(Emphasis in original).

38.     As depicted in the image shown in Paragraph 29, the three payment options are identified within the body of the Collection Letter.

39.     The first two payment options are so-called "discount program[s]" because the first and second payment plans proposed to reduce the debt by 40% off and 20% off.

40.     The first of proposed payment option, "Option 1" proposed a "**pre-approved**", "discount program" payment of "40% OFF" the Subject Debt, with a "Payment Due Date" of "09-01-18"

41.     To the right side of Option 1, the Collection Letter states "You Pay Only $1,327.29".

42.     The second of the three proposed payment options, "Option 2" proposed a "**pre-approved**", "discount program" payment of "20% OFF" the Subject Debt, with a "Payment Due Date" of "09-01-18".

43.     To the right side of Option 2, the Collection Letter states, "6 Monthly Payments of Only $294.95".

44.     The third payment options states "Option 3: Monthly Payments As Low As:" followed by the words "$50 per month†".

45.     Below these words is the statement "[c]all today to discuss your options and get more details."

46.     The third payment option does not explain that it is not a discount program and that by making monthly payments a consumer like Plaintiff will not receive any discount.

47.     As depicted in the image shown in Paragraph 29, all three payment options are presented self-contained within a light grey box with rounded corners.

48.     As depicted in the image shown in Paragraph 29, the Collection Letter contains the phrase "Benefits of Paying!" in font white font over a green background.

49.     The font that is used for the words "Benefits of Paying! is larger than the font used to identify the three payment options.

50.     Below the phrase "Benefits of Paying!" are words stating "Save up to $884.86", and below that phrase is the words, "Offer Expiration date: 09-01-2018."

51.     Additionally, below the phrase "Save up to $884.86" and "Offer Expiration date: 09-01-2018" is a white box which contains the fully capitalized phrase  in large blue, bolded font, "**CALL US TODAY!**" and lists the following telephone number, **(800) 321-3809**.

52.     The words depicted in Paragraphs 50 and 51 are presented within within a light grey box.

**C. The "pre-approved "discount program" Violates §§ 1692e & 1692f of the FDCPA**

53.     On information and belief (the grounds of which are described below), no "pre-approval" process took place before MCM mailed the Collection Letter to Plaintiff.

54.     MCM utilized the phrase "You have been **pre-approved** for a discount program designed to save you money" to explain to Plaintiff that he had been subjected to some type of approval process that resulted in Plaintiff being "pre-approved" for a so-called "discount program".

8

55. MCM utilized the phrase "You have been **pre-approved** for a discount program designed to save you money" to suggest to Plaintiff that other persons were not similarly "pre-approved" for the "discount program" that was described to Plaintiff in the body of the Collection Letter.

56. Based upon the use of this language in other similar collection letters utilized by MCM, MCM performed no specific analysis to determine whether Plaintiff was in fact qualified for any so-called "pre-approved . . . discount".

57. Based upon the use of this language in other similar collection letters utilized by MCM, Midland performed no specific analysis to determine whether Plaintiff was in fact qualified for any so-called "pre-approved . . . discount".

58. Instead, MCM used of the phrase "You are pre-approved for a 40% discount!" as part of a generalized, standard form letter that it routinely sends out to consumers without performing any special analysis to support the use of the phrase, "You are pre-approved for a 40% discount!"

59. Upon information and belief, Plaintiff was not subjected to any meaningful "pre-approval" process.

60. MCM's records relative to Plaintiff show that there was nothing special about Plaintiffs' debt which caused him to be "pre-approved for a discount program".

61. Midland's records relative to Plaintiff show that there was nothing special about Plaintiffs' debt which caused him to be "pre-approved for a discount program".

62. MCM performed no specific analysis to determine whether Plaintiff was in fact qualified for any so-called "pre-approved . . . discount program".

63. Midland performed no specific analysis to determine whether Plaintiff was in fact qualified for any so-called "pre-approved . . . discount program".

64.     Upon information and belief, no "discount program designed to save [debtors] money" truly exists within MCM or Midland.

65.     Upon information and belief, there is no pre-approval process or "discount program" because MCM routinely issues the same standard form letter to thousands of consumers each month without performing any pre-approval process.

66.     Instead, the phrase "discount program designed to save you money" is just a phrase used to entice debtors to pay their debts under the guise of a so-called "discount program."

67.     The Collection Letter's representation that Plaintiff was "pre-approved" for a 40% discount "designed to save you money" is a false and misleading representation and means of attempting to collect a debt because MCM performed no specific analysis to determine whether Plaintiff was in fact qualified to receive a "pre-approved" discount of 40% off.

68.     The Collection Letter's representation that Plaintiff was "pre-approved" for a 40% discount "designed to save you money" is a false and misleading representation and means of attempting to collect a debt because Midland performed no specific analysis to determine whether Plaintiff was in fact qualified to receive a "pre-approved" discount of 40% off.

69.     The Collection Letter's use of the representation that Plaintiff was "pre-approved" for a 40% discount "designed to save you money" was used by MCM to entice Plaintiff to pay the debt in question.

70.     The Collection Letter's representation that Plaintiff was "pre-approved" for a 20% discount "designed to save you money" is a false and misleading representation and means of attempting to collect a debt because MCM performed no specific analysis

to determine whether Plaintiff was in fact qualified to receive a "pre-approved" discount of 20% off.

71.     The Collection Letter's representation that Plaintiff was "pre-approved" for a 20% discount "designed to save you money" is a false and misleading representation and means of attempting to collect a debt because Midland performed no specific analysis to determine whether Plaintiff was in fact qualified to receive a "pre-approved" discount of 20% off.

72.     The Collection Letter's use of the representation that Plaintiff was "pre-approved" for a 20% discount "designed to save you money" was used by MCM to entice Plaintiff to pay the debt in question.

73.     Despite the Collection proposing "pre-approved" discount designed to save Plaintiff money, in reality, this third payment option proposed payment of the entire amount of the debt over time would not result in a discount or savings to Plaintiff.

74.     The Collection Letter's use of the phrase "Act now" creates a false sense of urgency that is not dispelled by the inclusion at the bottom of the letter, after a large blank white space, that "[w]e are not obligated to renew any offers provided."

75.     The use of the phrase "Save up to $884.86" along with the phrase "Offer Expiration date" and the identified date of 09-01-2018 were purposefully drafted by MCM to *emphasize* to a recipient like Plaintiff that the proposed discounted savings programs were time sensitive.

76.     The use of the phrase "Save up to $884.86" along with the phrase "Offer Expiration date" and the identified date of 09-01-2018 were purposefully drafted by MCM to *emphasize* to a recipient like Plaintiff that the proposed discounted savings programs would truly expire by the identified date.

77.     In actual practice, use of the phrase "Save up to $884.86" along with the phrase "Offer Expiration date" and the identified date of 09-01-2018, is a false and misleading representation and means of attempting to collect a debt, because the so-called "pre-approved" nature of the "discount" is false, misleading and illusory because the proposed percentage off discounts are generally automatically renewed in future letters issued by MCM.

78.     The formatting of the phrase "**CALL US TODAY!**" to the right side of the proposed payment deadlines was purposefully drafted by MCM to emphasize to a recipient like Plaintiff that the proposed discounted savings programs were time sensitive.

79.     The formatting of the phrase "**CALL US TODAY!**" to the right side of the proposed payment deadlines was purposefully drafted by MCM to emphasize to a recipient like Plaintiff that the proposed discounted savings programs would forever expire by the identified date.

80.     In actual practice, the "**CALL US TODAY!**" to the right side of the proposed payment deadlines is false, misleading and illusory because MCM would routinely and automatically renew the same discounts in future letters issued by MCM.

81.     In actual practice, the use of the words "Offer Expiration date" and "**CALL US TODAY!**" is/are false, misleading and illusory because the proposed discounts would be automatically renewed in future letters issued by MCM.

82.     In fact, in a letter dated September 12, 2018, MCM listed the same three payment options, "40% OFF", "20% OFF" and "Monthly Payments As Low As: $50 per month".

83.     Subsequently, in a letter dated November 23, 2018, MCM listed the same three payment options, "40% OFF", "20% OFF" and "Monthly Payments As Low As: $50 per month".

84.     MCM made the same offers in letters dated December 5, 2018, and January 16, 2019, MCM listed the same three payment options.

85.     In each of the letters listed above, MCM did not explain that the proposed third payment option – of "Monthly Payments As Low As: $50 per month", did not constitute a discounted payment.

**D.  The Collection Letter's Use of a of a "Renewal Disclaimer"**

86.     Below the body of the Collection Letter is the electronic signature of Tim Bolin, Division Manager.

87.     MCM uses Tim Bolin's name and title in a vast majority of debt collection letters sent to consumers by MCM.

88.     There is at least two inches of blank space below Mr. Bolin's signature.

89.     After this blank space is the phrase: "We are not obligated to renew any offers provided" (hereafter the "Renewal Disclaimer").

90.     As depicted in the image shown in Paragraph 29, directly below the Renewal Disclaimer, the Collection Letter identifies the following items: MCM's hours of operation (the far left-side of the Collection Letter); MCM's telephone number (to the right of the MCM's hours of operation), MCM's website, MCMPPay.com (to the right of the MCM's telephone number) and MCM's mailing address (to the far right side of the Collection Letter) (hereafter "Midland's Contact Information").

91.     Just below MCM's Contact Information is the phrase "PLEASE SEE REVERSE SIDE OR IMPORTANT DISCLOSURE INFORMATION" (hereafter the "REVERSE SIDE DISCLOSURE").

92.     As depicted in the image shown in Paragraph 29, directly below the REVERSE SIDE DISCLOSURE, the Collection identifies payment options and includes a payment stub.

93.     The Renewal Disclaimer is placed several inches below the two proposed discount payment options and at least two inches below Mr. Bolin's signature.

94.     MCM formatted the Collection Letter to cause the Renewal Disclaimer to not be in close proximity to the two proposed discount payment options.

95.     MCM formatted the Collection Letter to cause the Renewal Disclaimer be placed approximately two inches below the proposed discount payment options to minimize how a person reading the Collection Letter would relate the Renewal Disclaimer to the proposed payment options.

96.     MCM purposefully placed the Renewal Disclaimer at the bottom of the Collection Letter by MCM in an effort to minimize the readability, comprehension and/or effectiveness of Renewal Language to a person reading the Collection Letter.

97.     On information and belief, MCM does not have any privileged or non-privileged documents which indicate that MCM placed the Renewal Disclaimer at the bottom of the Collection Letter in an effort to enhance the readability, comprehension and effectiveness of Renewal Language to a person reading the Collection Letter.

98.     MCM has argued before the Seventh Circuit Court of appeals that the location of the Renewal Disclaimer was purposefully placed in this location to have it appear just above the payment stub that is included at the bottom of the Collection Letter. See oral argument in the case of *Neal Preston v. Midland Credit Management, Inc.* 18-3119, starting at 15:31 http://media.ca7.uscourts.gov/sound/external/dl.18-3119.18-3119_05_29_2019.mp3

99.    In particular, MCM told the Seventh Circuit that the location of the Renewal Language in a similar form collection letter utilized by MCM was supported by the Consumer Financial Protection Bureau's ("CFPB") recently published a Notice of Proposed Rules ("NPR") related to amendments to Regulation F, 12 CFR part 1006.  *Id.* at 15:51.[1]

100.    MCM represented to the Seventh Circuit that the NPR "proposed . . . that every letter, just like this letter [gesturing], have a pay-stub on the bottom. That's, that's not required under the law. That's not required by the [FDCPA]. But they said that it's important for them to have." Oral Argument at 16:00 to 16:10.

101.    Although it did not cite to a specific portion of the NPR, MCM essentially argued that the location of the collection letter's Renewal Disclaimer language (almost two inches below the two "Act Now" settlement offers identified in the subject collection letter was "important" because it was located close to the pay stub:

> And in this context, what they say is important. We have the notice right in front of [the pay stub], right in front of that.

*Id.*, Oral Argument at 16:00 to 16:18.

102.    In response to oral argument and a motion brought by appellate Neal Preston, on June 7, 2019, the Seventh Circuit invited the CFPB to offer its opinion on the legality of MCM's use of "**TIME SENSITIVE DOCUMENT**" on the face of MCM's debt collection envelope.  Dkt. 35.[2]

---

[1] The phrase "safe harbor" was used MCM during oral argument in the *Preston* case.
[2] According to the Seventh Circuit's order:

> Mr. Neal Preston brought this suit against Midland Credit Management, Inc. ("MCM"), complaining of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1 et seq. In his federal claims, Mr. Preston submits that MCM violated 15 U.S.C. §§ 1692f(8), 1692e(2)(A), 1692e(10) by sending a debt collection letter in an

envelope with the words "TIME SENSITIVE DOCUMENT" printed on its exterior in bold font. He also claims that the letter contained inside the envelope violated 15 U.S.C. §§ 1692e(2)(A), e(10) because it used language that, on its own or combined with "TIME SENSITIVE DOCUMENT" on the envelope, created a false sense of urgency and confusion. MCM moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the action. The district court decided that there is a benign language exception to § 1692f(8)'s prohibition of the use of "any language or symbol" on an envelope used in debt communications except for the debt collector's address and the debt collector's "business name if such name does not indicate that he is in the debt collection business." See 15 U.S.C. § 1692f(8). It then determined that "TIME SENSITIVE DOCUMENT" falls within such an exception because the language did not pertain to debt or otherwise suggest the existence of debt. Turning to Mr. Preston's claims under § 1692e, the district court found that MCM properly utilized the safe harbor language we crafted in Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769 (7th Cir. 2007) to address concerns that a debtor might have a "false impression of his options" based on debt settlement offers "in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts." Id. at 775–76. Therefore, the district court granted MCM's motion to dismiss on all counts. Mr. Preston timely appealed to this court.

The district court premised its dismissal of Mr. Preston's claim under § 1692f(8) on a benign language exception crafted by courts in other circuits. *See, e.g., Strand v. Diversified Collection Serv.*, 380 F.3d 316 (8th Cir. 2004); *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488 (5th Cir. 2004). This case presents the first opportunity for our court to address whether such a judicially-crafted exception is proper or whether adherence to the plain language of the subsection is more compatible with the statutory scheme. Having studied the briefs and the record and having heard oral argument, the court has determined that, in deciding this appeal, it would benefit greatly from the views of the Consumer Financial Protection Bureau ("CFPB"), the agency to whom Congress has delegated rule making authority with respect to the FDCPA,[2] as to whether there is a benign language exception to 15 U.S.C. § 1692f(8) and whether "TIME SENSITIVE DOCUMENT" falls within that exception as a matter of law.

Accordingly, the court respectfully invites the CFPB to file a brief as amicus curiae in this case within ninety days from the date of this order. If the CFPB accepts this invitation and files a brief, the parties will have twenty days after the filing of that brief to file a response.

The court directs the clerk to provide the CFPB with a copy of this order and with copies of the briefs filed by the parties.

Dkt. 35, Order dated June 7, 2019, pp. 1-3

103.   The NPR does not support MCM's representation to the Seventh Circuit that the CFPB urged debt collectors to utilize "pay stubs" because a search of the NPR for the phrase yields no results.

104.   To the extent that the NPR discussed "Payment Disclosures" (see Regulation F, 12 CFR part 1006, starting at p. 274), the NPR did not discuss the phrase "[w]e are not obligated to renew any offers provided" or the proper or suggested placement of this phrase in collection letters.

### E.  The Collection Letter Envelope

105.   The Collection Letter was mailed to Plaintiff inside of two envelopes as depicted in the below photographic image:



106.   Of the two envelopes, the larger envelope is white and measures six (6) inches high and ten and ¼ across.

107.   Located within the white envelope is a manila colored envelope that measures four and 1/8th inches high and nine and ½ inches across.

108.   The manila colored envelope says "**TIME SENSITIVE DOCUMENT**" in bold font above a window that shows Plaintiff's mailing address (hereafter the "Collection Letter Envelope"):



109.   The above image is a true and accurate photographic image of the Collection Letter Envelope.

110.   In order to fit inside the Collection Letter Envelope, the Collection Letter was folded four (4) times

111.   The Collection Envelope's use of the phrase **"TIME SENSITIVE DOCUMENT"** violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

112. The Collection Envelope's use of the words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Sections 1692e(2)(a) and 1692e(10) of the FDCPA because printing the Collection Envelope in this manner unfairly and/or unconscionably suggests that two so-called "pre-approved" discounted payment options time sensitive when the opposite is true.

113. The above identified violations of the FDCPA that exist on the face of the Collection Letter are magnified by the fact that the Collection Letter was sent inside the Collection Envelope that indicated **"TIME SENSITIVE DOCUMENT"** in large, bold font.

114. In addition to the fact that the embossed phrases violate Section 1692f(8) of the FDCPA which prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer, MCM's use of the embossed words violates Sections 1692e(2)(a), 1692e(10) and 1692f of the FDCPA because printing the Collection Envelope in this manner unfairly and/or unconscionably suggests that the offers contained in the body of the Collection Letter are time-sensitive, when the offers are frequently renewed.

### F. The Collect Letter Was Not Mailed Out on or Near the Date Listed on the Letter

115. Although the Collection Letter was dated August 2, 2018, it was not sent by MCM on or near the date in question. Instead, Plaintiff received the Collection Letter nearly two weeks after the purported mailing date.

116. Additionally, as a general practice, in contrast to the dates identified on collection letters, MCM actually mails out collection letters days, and up to two weeks, *after* the purported mailing date.

117. On information and belief, the Collection Letter was not mailed to Plaintiff the dated stated on the face of the Collection Letter.

118.    MCM's practice of mailing out collection letters days and weeks after an identified mailing date constitutes a false and deceptive practice because the stated dates operates to create a false sense of urgency to consumer where they have far less time to respond to a so-called "pre-approved" discount offer.

119.    Plaintiff was worried about the short response date when he received the Collection Letter about two weeks after it was mailed out.

**G.      Summary of Violations**

120.    The Collection Envelope's use of the words **"TIME SENSITIVE DOCUMENT"** and the contents of the Collection Letter violated the FDCPA because it created a false sense of urgency to an unsophisticated consumer like Plaintiff.

121.    Plaintiff read Collection Envelope and opened it because the words **"TIME SENSITIVE DOCUMENT"** caused him to have a false sense of urgency.

122.    Thereafter, Plaintiff read the contents of the Collection Letter and understood the Collection Letter as suggesting that he was specially pre-approved for three discounted settlement offers.

123.    As an unsophisticated consumer, Plaintiff was confused and mislead by the terms of the Collection Letter when he read it.  In particular, he was worried that pre-approved discounted offers would expire as indicated by the expiration date designated in the Collection Letter and by the Collection Envelope's designation as **"TIME SENSITIVE"**.

124.    Plaintiff was also misled by the terms of the Collection Letter which wrongly suggested to him that he received the pre-approved discount offers as part of a meaningful and/or actual review process.

125.    Plaintiff did not want the offer to expire and was worried that he only had about two weeks to respond to the offers.

20

126.    Further, Plaintiff did notice the Renewal Disclaimer given its remote location.  Because Plaintiff did not appreciate the meaning of the Renewal Disclaimer based upon its location far away from the offers, Plaintiff reasonably thought that the offers would in fact expire as indicated by the Collection Letter.

### V.  Causes of Action

### Count I – Individual Claim Related to the Collection Envelope Pursuant to 1692f and 1692f(8) of the FDCPA

127.    Plaintiff realleges the above paragraphs as though fully set forth herein.

128.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

129.    The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

130.    The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Section 1692f(8) of the FDCPA because printing the Collection Envelope in this manner unfairly and/or unconscionably suggests that the offer is time sensitive when the opposite is true.

131.    The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692f and in particular Section 1692f(8) of the FDCPA because these words  intended to create, and does create, *a false sense of urgency* to unsophisticated consumers.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

   a. declare that the Collection Letter and the Collection Envelope violate the FDCPA;

b. enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

c. enjoin Defendant MCM from sending Plaintiff an envelope with the language "TIME SENSITIVE DOCUMENT";

d. award Plaintiff statutory damages of $1,000;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count II – Class Action Claims Related to the Collection Envelope
Pursuant to Sections 1692f and 1692f(8) of the FDCPA**

132.    Plaintiff realleges the paragraphs asserted in relation to Count I as though fully set forth herein.

133.    At least 40 persons with Illinois addresses received an identical Collection Envelope within one year of the filing of this lawsuit.

134.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

All persons with mailing addresses in the State Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed as Synchrony Bank/T.J. Maxx issued credit card, where the envelopes contained the words "TIME SENSITIVE DOCUMENT" and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

135.    The allegations set forth above and asserted again in Count I in relation to MCM's use of the Collection Envelope satisfy the elements of typicality, commonality, predominance and superiority.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Collection Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the above depicted Collection Envelope with future collection letters;

22

    c.   award class members maximum statutory damages;

    d.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e.   award Plaintiff any other relief this Honorable Court deems equitable and just.

### Count III – Individual Claim Related to the Collection Envelope and the Collection Letter Pursuant to Section 1692e(2)(a) of the FDCPA

136.   Plaintiff realleges the above paragraphs as though fully set forth herein.

137.   Individually or in combination, MCM's use of the Collection Envelope and Collection Letter violated Section 1692e(2)(a) of the FDCPA.

138.   Section 1692e(2)(a) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

139.   The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(2)(a) because printing the Collection Envelope in this manner falsely represents that the "character" or "legal status" of the subject debt is time-sensitive.

140.   In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

141.   The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** and the Collection Letter's use of the phrases "Congratulations! You have been **pre-approved** for a discount program designed to save you money", "Act now", "CALL US TODAY!" followed by an identified expiration date, created a false sense of urgency in violation of Section 1692e(2)(a).

142.   Additionally, the Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(2)(a) because the so-called discount payment options identified in the body of the Collection Letter are not time

23

sensitive as they are routinely offered by MCM despite being phrased with an expiration date and a false sense of urgency.

143. The repeated offers made by MCM for the same debt demonstrates that "character" and/or "legal status" of the subject debt is *not* time-sensitive.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Collection Letter and the Collection Envelope violate the FDCPA;

b. enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

c. enjoin Defendant MCM from sending Plaintiff above depicted Collection Letter and the Collection Envelope;

d. award Plaintiff statutory damages of $1,000;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. award Plaintiff any other relief this Honorable Court deems equitable and just.

### Count IV – Class Action Claim Related to the Collection Envelope and the Collection Letter Pursuant to Section 1692e(2)(a) of the FDCPA

144. Plaintiff realleges the paragraphs asserted in relation to Count III as though fully set forth herein.

145. Individually or in combination, the Collection Envelope and Collection Letter violated Section 1692e(2)(a).

146. As set forth in the preceding Count, MCM violated Section 1692e(2)(a) because printing the Collection Envelope with the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** falsely represents that the "character" or "legal status" of the subject debt is time-sensitive.

147. In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

148.    Further, the Collection Letter's use of the phrases "Congratulations! You have been **pre-approved** for a discount program designed to save you money", "Act now", "CALL US TODAY!" followed by an identified expiration date, created a false sense of urgency in violation of Section 1692e(2)(a).

149.    At least 40 persons with Illinois addresses received an identical Collection Envelope and similarly phrased Collection Letter within one year of the filing of this lawsuit.

150.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was Synchrony Bank/T.J. Maxx issued credit card, where the letters were sent in envelopes that uses of the bold and capitalized words "TIME SENSITIVE DOCUMENT" where the letters contained within the envelopes proposed "pre-approved" "discount program[s] designed to say you money" and the offers included an expiration date, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

151.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the Collection Letter and the Collection Envelope violate the FDCPA;

b.  declare that the Collection Envelope and the Collection Letter violate the FDCPA;

c.  enjoin Defendant MCM from using the Collection Envelope and the Collection Letter in future collection activities;

d.  award class members maximum statutory damages;

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f.  award Plaintiff any other relief this Honorable Court deems equitable and just.

### Count V – Individual Claim Related to the Collection Envelope and the Collection Letter Pursuant to Section 1692e(10) of the FDCPA

152. Plaintiff realleges the above paragraphs as though fully set forth herein.

153. Individually or in combination, MCM's use of the Collection Envelope and Collection Letter violated Section 1692e(10) of the FDCPA.

154. Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

155. The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because printing the Collection Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

156. In particular, the above quoted words can create a false sense of urgency to unsophisticated consumers.

157. The Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT** and the Collection Letter's use of the phrases "Congratulations! You have been **pre-approved** for a discount program designed to save you money", "Act now", "CALL US TODAY!" followed by an identified expiration date, created a false sense of urgency in violation of Section 1692e(10).

158. Additionally, the Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** violates Section 1692e(10) because the so-called discount payment options identified in the body of the Collection Letter are not time sensitive as they are routinely offered by MCM despite being phrased with an expiration date and a false sense of urgency.

159. The repeated offers made by MCM for the same debt demonstrates that "character" and/or "legal status" of the subject debt is *not* time-sensitive.

26

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Collection Letter and the Collection Envelope violate the FDCPA;

b. enjoin Defendant MCM from sending Plaintiff the complained of language in any future collection letter;

c. enjoin Defendant MCM from sending Plaintiff an envelope with the language "TIME SENSITIVE DOCUMENT";

d. award Plaintiff statutory damages of $1,000;

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count VI – Class Action Claim Related to the Collection Envelope and the Collection Letter Pursuant to Section 1692e(10) of the FDCPA**

160. Plaintiff realleges the paragraphs asserted in relation to Count V as though fully set forth herein.

161. Individually or in combination, the Collection Envelope and Collection Letter violated Section 1692e(10).

162. As set forth in the preceding Count, MCM violated Section 1692e(10) because printing the Collection Envelope with the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** constitutes a false representation or deceptive means to collect or attempt to collect any debt by creating a false sense of urgency to unsophisticated consumers.

163. The Collection Letter's use of the phrases "Congratulations! You have been **<u>pre-approved</u>** for a discount program designed to save you money", "Act now", "CALL

US TODAY!" followed by an identified expiration date, created a false sense of urgency in violation of Section 1692e(10).

164.    At least 40 persons with Illinois addresses received an identical Collection Envelope and similarly phrased Collection Letter within one year of the filing of this lawsuit.

165.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was Synchrony Bank/T.J. Maxx issued credit card, where the letters were sent in envelopes using the bold and capitalized words "TIME SENSITIVE DOCUMENT" where the letters contained within the envelopes proposed "pre-approved" "discount program[s] designed to say you money" and the offers included an expiration date, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

166.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the Collection Letter and the Collection Envelope violate the FDCPA;

b.  declare that the Collection Envelope and the Collection Letter violate the FDCPA;

c.  enjoin Defendant MCM from using the Collection Envelope and the Collection Letter in future collection activities;

d.  award class members maximum statutory damages;

e.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f.  award Plaintiff any other relief this Honorable Court deems equitable and just.

### Count VII – Individual Claim for Violations of Section 1692e the FDCPA Based Upon the Misreported Mailing Date of the Collection Letter

167.    Plaintiff realleges the above paragraphs as though fully set forth herein.

168.    As alleged above, the Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** is intended to create, and does create, a *false sense of urgency* to unsophisticated consumers when read in conjunction with the Collection Letter's use of the words, "**pre-approved**" discount offers, the so-called "Offer Expiration date[s]", "Act now", "CALL US TODAY!" and the phrase "[w]e are not obligated to renew any offers provided."

169.    Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

170.    MCM's above stated practice of mailing collection letters like the one in case days and/or weeks after the printed mailing dates the results in a shortened response time and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt."

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the manner in which the Collection Letter was mailed well after the identified mailing date violates the FDCPA;

b.    enjoin Defendant MCM from violating the FDCPA in this manner in the future;

c.    award Plaintiff statutory damages of $1,000;

d.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.    award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count VIII – Class Action Claim for Violations of Section1692e of the
FDCPA Based Upon the Misreported Mailing Dates of Collection Letters**

171.  Plaintiff realleges the paragraphs asserted in relation to Count VII as though fully set forth herein.

172.  As set forth in the preceding Count, upon information and belief, it is Defendant's practice to mail out collection letters days or weeks after the stated mailing date and this practice violates Section 1692e of the FDCPA.

173.  Upon information and belief, at least 40 persons with Illinois addresses received a collection letter from MCM where the mailing date on the fact of the letter did not accurately convey when the letter was actually mailed by MCM.

174.  Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter where the original creditor was listed as Synchrony Bank/T.J. Maxx issued credit card, where the mailing date on the fact of the letter did not accurately convey when the letter was actually mailed by MCM, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

175.  The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that MCM violated the FDCPA by mailing out collection letters that do not accurately identify the mailing date;

b. enjoin Defendant MCM from mailing out collection letters that do not accurately identify the mailing date;

c. award class members statutory damages;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. award Plaintiff any other relief this Honorable Court deems equitable and just.

**Count IX – Individual Claim for Violations of Section 1692f of FDCPA**
**Based Upon the Misreported Mailing Date of the Collection Letter**

176.    Plaintiff realleges the above paragraphs as though fully set forth herein.

177.    As alleged above, the Collection Envelope's use of the bold and capitalized words **"TIME SENSITIVE DOCUMENT"** is intended to create, and does create, a *false sense of urgency* to unsophisticated consumers when read in conjunction with the Collection Letter's use of the words, "**pre-approved**" discount offers, the so-called "Offer Expiration date[s]", "Act now", "CALL US TODAY!" and the phrase "[w]e are not obligated to renew any offers provided."

178.    Section 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

179.    MCM's above stated practice of mailing collection letters like the one in case days and/or weeks after the printed mailing dates the results in a shortened response time and constitutes a "unfair or unconscionable means to collect or attempt to collect any debt."

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

   a. declare that the manner in which the Collection Letter was mailed well after the identified mailing date violates the FDCPA;

   b. enjoin Defendant MCM from violating the FDCPA in this manner in the future;

   c. award Plaintiff statutory damages of $1,000;

   d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   e. award Plaintiff any other relief this Honorable Court deems equitable and just.

31

**Count X – Class Claims for Violations of Sections 1692f of the FDCPA
Based Upon the Misreported Mailing Date of the Collection Letter**

180.   Plaintiff realleges the paragraphs asserted in relation to Count IX as though fully set forth herein.

181.   As set forth in the preceding Count, upon information and belief, it is Defendant's practice to mail out collection letters days or weeks after the stated mailing date and this practice violates Section 1692f of the FDCPA.

182.   Upon information and belief, at least 40 persons with Illinois addresses received a collection letter from MCM where the mailing date on the fact of the letter did not accurately convey when the letter was actually mailed by MCM.

183.   Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in the State of Illinois who were mailed a collection letter where the original creditor was listed as Synchrony Bank/T.J. Maxx issued credit card, where the mailing date on the fact of the letter did not accurately convey when the letter was actually mailed by MCM, and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases.

184.   The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that MCM violated the FDCPA by mailing out collection letters that do not accurately identify the mailing date;

b. enjoin Defendant MCM from mailing out collection letters that do not accurately identify the mailing date;

c. award class members statutory damages;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. award Plaintiff any other relief this Honorable Court deems equitable and just.

## VI.    The Elements of FRCP 23 Are Met

### A.    Numerosity

185.    Numerosity is satisfied because MCM mailed at least 40 require Collection Letters and/or the Collection Envelopes to putative class members.

186.    Joinder of all members of the Class is impracticable.

187.    The putative class members can be administratively ascertained from business records maintained by Defendant(s).    *See, e.g., In re Community Bank of Northern Virginia Mortg. Lending Practices Litigation*, 795 F.3d 380, 397 (3d Cir. 2015) (finding that the Plaintiffs' proposed class was ascertainable because the defendant "possesse[d] all of the relevant bank records needed to identify the putative class members").[3]

### B.    Commonality and Predominance

188.    The elements of is commonality and predominance are satisfied.

189.    As to the FDCPA based classes, commonality exists because Defendant(s) acted in a common manner toward Plaintiff and the proposed class members through the issuance of form Collection Letters and/or the Collection Envelopes to putative class members.

### C.    Typicality

190.    Plaintiff's and the proposed class members' claims all arise from the same operative facts and are based on the same legal causes of action.

---

[3] Excluded from the Classes are Defendants, their agents, subsidiaries, parents, successors, predecessors, and any entity in which those parties, or their parents have a controlling interest, and those entities' current and former employees, officers, and directors, (2) the Judge to whom this case is assigned and the Judge's immediate family and staff, (3) any person who executes and files a timely request for exclusion from the Class, (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded, adjudicated and/or otherwise released person.

191.  Plaintiff and each of the proposed class member are all subject to the same Collection Letters and/or the Collection Envelopes.

**D. Appropriateness and Superiority**

192.  A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

193.  The common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

194.  The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, as well as the absence of a fee shifting mechanism.

195.  As such, the expense and burden of individual litigation would make it impracticable for proposed Class members to prosecute their claims individually.

**E. Adequacy**

196.  Plaintiff and his counsel will fairly, adequately and vigorously represent and protect the interests of the proposed class members and has/have no interest antagonistic to those of the Class.

197.  There are no defenses unique to Plaintiff.

198.  Plaintiff's counsel is a competent and experienced consumer rights attorney.

**F. Injunctive and Declaratory Relief Are Warranted**

199.  FRCP 23(b)(2) provides that injunctive and declaratory relief are proper where "the party opposing the class has acted or refused to act on grounds that apply generally to the class."

200.  Here, the above violations apply generally to the proposed classes.

34

201.    For the above reasons, this Court should declare Defendant's misconduct unlawful and enjoin Defendant from further violating the FDCPA.

**VII.    Jury Demand**

202.    Plaintiff demands a jury trial.

Respectfully submitted, on behalf of

Plaintiff CLAUDIO GIULIANO individually
and on behalf of all others similarly situated,

_/s/ James C. Vlahakis_
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com